UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| BERNARD MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:13-cv-312 |
| | ) | |
| | ) | |
| AMER SAJED and BARCLAYS | ) | |
| BANK DELAWARE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT, OR IN THE OTHER ALTERNATIVE, MOTION TO DISMISS**

Defendants Amer Sajed ("Mr. Sajed") and Barclays Bank Delaware ("Barclays") (collectively, "Defendants") in the above-captioned matter, by and through undersigned counsel and pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, 9 U.S.C. § 1 *et seq.* and Local Civil Rule 7, hereby respectfully request that this Court stay this proceeding and compel Plaintiff Bernard Mitchell ("Plaintiff") to submit his claims to arbitration as mandated by the Cardmember Agreement. Alternatively, and pursuant to Rules 7(b) and 12(e) of the Federal Rules of Civil Procedure and Local Civil Rule 7, Defendants respectfully request that this Court order Plaintiff to make a more definite statement. In the other alternative, and pursuant to Rules 7(b) and 12(b)(6) of the Federal Rules of Civil Procedure and Local Civil Rule 7, Defendants respectfully request that the Court dismiss this action in its entirety.

The grounds for these motions are as follows:

1. Plaintiff obtained a credit card ("Credit Card") issued by Barclays in October 2006 and thereafter incurred charges on the Credit Card. (Affidavit of Claudia A. Roark ¶¶ 3, 6, 10, attached hereto as <u>Exhibit A</u>, incorporated by reference as if fully set forth herein, and referred to herein as "Roark Aff.").

2. Plaintiff's use of the Credit Card was governed by a Cardmember Agreement (the "Agreement"). (Roark Aff., Ex. 1.)

3. The Agreement contained an arbitration clause that provided that any dispute between Plaintiff arising from or relating in any way to the Agreement or the Credit Card must be resolved exclusively by binding arbitration. (<u>Id</u>.)

4. The claims asserted by Plaintiff in his Complaint arise from and are related to the Agreement and Credit Card and are therefore governed by the arbitration clause in the Agreement.

5. Plaintiff has not attempted to arbitrate the claims asserted in his Complaint and Defendants are aggrieved by Plaintiff's failure to proceed with arbitration. Defendants respectfully request that the Court stay proceedings and compel Plaintiff to arbitrate his claims against Defendants.

6. In the alternative, Plaintiff's Complaint is so vague and ambiguous that Defendants cannot reasonably prepare a response. Specifically, the entirety of the allegations in the Complaint is as follows: "VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) AND FACTA CONSUMER RIGHTS." Plaintiff has not alleged the specific actions of which Plaintiff complains, which of the Defendants took such actions, when the actions took place, or how the actions give rise to

any claims. Defendants therefore respectfully request, in the alternative, that the Court order Plaintiff to make a more definite statement.

7. In the other alternative, Defendants request that the Court dismiss Plaintiff's Complaint on the grounds that it fails to state a claim upon which relief can be granted. Specifically, the Complaint contains nothing more than threadbare recitals and conclusory statements that are not sufficient to withstand a Rule 12(b)(6) motion to dismiss.

8. To the extent all of the aforesaid Motions are denied, Defendants expressly deny all allegations in Plaintiff's Complaint.

In support of this Motion, Defendants rely on the exhibits hereto and the Memorandum of Law in Support, filed contemporaneously herewith.

WHEREFORE, Defendants respectfully request that the case be stayed and Plaintiff be compelled to arbitrate, or in the alternative, that Plaintiff be ordered to make a more definite statement, or in the other alternative, that Plaintiff's Complaint be dismissed in its entirety. Pursuant to Local Rule 7(J), Barclays respectfully requests that the Court rule on these Motions without oral hearing.

This the 23rd day of May, 2013.

> By: /s/ John W. Montgomery, Jr.
> John W. Montgomery, Jr.
> VA State Bar No. 37149
> Counsel for Amir Sajed and Barclays Bank Delaware
> John W. Montgomery, Jr., Attorney, PLC
> 2116 Dabney Road, Suite A-1
> Richmond, VA 23230
> Telephone: (804) 355-8744
> Facsimile: (804) 355-8478
> Email: jmontgomery@jwm-law.com

        Michael D. DeFrank[1]
        NC State Bar No. 32235
        Counsel for Amir Sajed and Barclays Bank Delaware
        Wyrick Robbins Yates & Ponton LLP
        4101 Lake Boone Trail, Suite 300
        Raleigh, NC 27607
        Telephone: (919) 781-4000
        Facsimile: (919) 781-4865
        Email: mdefrank@wyrick.com

---

[1] Admitted Pro Hac Vice.

22856.040-780258v1

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties. I hereby certify that I will mail the document by U.S. mail to the following non-filing user:

>Bernard Mitchell
>22199 Lake Jordan Drive
>Petersburg, VA 23803

>By: /s/ John W. Montgomery, Jr.
>John W. Montgomery, Jr.
>VA State Bar No. 37149
>Counsel for Amir Sajed and Barclays Bank Delaware
>John W. Montgomery, Jr., Attorney, PLC
>2116 Dabney Road, Suite A-1
>Richmond, VA 23230
>Telephone: (804) 355-8744
>Facsimile: (804) 355-8478
>Email: jmontgomery@jwm-law.com